# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**Mustapha Boujana,**

      **Appellant,**

   **v.**                        **Case No.:  6:24-cv-01640-AGM**

**Global Consulting, LLC,**

      **Appellee.**

_____

## OPINION

Appellant Mustapha Boujana appeals two Bankruptcy Court orders entered in a Chapter 11 Bankruptcy Proceeding relating to Appellee Global Consulting, LLC ("Global") (the "Bankruptcy Proceeding").[1]   First, he appeals an Order (1) Confirming Debtor's Amended Plan of Reorganization, (2) Denying Motions to Dismiss, (3) Setting Deadlines, and (4) Scheduling Status Conference (Bankruptcy Doc. # 129) (the "Confirmation Order"). Second, he appeals an Order Denying Motion for Reconsideration (Bankruptcy Doc. # 142) (the "Reconsideration Order").[2]   Both are final orders this Court has jurisdiction to review under 28 U.S.C. § 158(a)(1).  In both instances, the Bankruptcy Court is due to be affirmed.

---

[1] The Bankruptcy Proceeding is Case No. 6:24-bk-0353.  Docket entries in the Bankruptcy Proceeding are referenced here as (Bankruptcy Doc. # ___.)

[2] Mr. Boujana's brief contains argument regarding a third order from the Bankruptcy Court regarding discovery; however, that order was the subject of a separate appeal and will not be addressed here.  (See *Boujana v. Global Consulting, LLC et al*, Case No. 6:24-cv-1634-WWB, Doc. # 19.)

1

## I.    BACKGROUND

Global is a Florida limited liability company that offers professional consulting services in the areas of geology, geophysics, and petroleum engineering for exploration projects in the oil and gas industry.  Global did a substantial amount of business Venezuela and Mr. Boujana worked as an independent contractor for Global at the Venezuelan company Petróleos deVenezuela, S.A. ("PdVSA").  After the United States sanctioned PdVSA in connection with corruption associated with the government of Nicolás Maduro, PdVSA failed to perform under its agreement with Global, and Global ceased paying its subcontractors, including Mr. Boujana.  Mr. Boujana sued Global in state court to recover.  After a period of litigation, Global sought bankruptcy protection under Chapter 11.  The state court case was removed and the Bankruptcy Court determined that Mr. Boujana is an unsecured creditor with an allowed claim of $358,919.57.[3]

In the Bankruptcy Proceeding, Global filed an initial reorganization plan, which was subsequently amended.  Mr. Boujana moved to dismiss the Chapter 11 petition for cause, arguing that it was not filed in good faith.  Although this Court was not provided a transcript of the hearing, Global contends that Mr. Boujana chose to appear remotely, did not present evidence, and instead, he relied on his pleadings and the attachments to his pleadings.  The record supplied on appeal reflects that the Bankruptcy Court found that the amended plan satisfied the requirements to be confirmed set forth in 11 U.S.C. § 1191(a) and 1129(a), other

---

[3]  On December 11, 2024, the Bankruptcy Court entered an Order (1) Denying Stay Pending Appeal, (2) Determining the Allowed Amount of Claim 1-1 of Mustapha Boujana, (3) Abating Adversary Proceeding and (4) Cancelling Hearing (Bankruptcy Doc. # 157) (the "Claim Order"), which determined Mr. Boujana's claim amount.  He did not appeal that order.

than §1129(a)(8) and (a)(10). Further, it concluded that the amended plan did not discriminate unfairly and was fair and equitable with respect to the unsecured creditor class, such that it was due to be confirmed as a nonconsensual plan pursuant to 11 U.S.C. § 1191(b). Finally, the Bankruptcy Court denied Mr. Boujana's Motion to Dismiss. Mr. Boujana moved for reconsideration, which the Bankruptcy Court denied.

## II.    STANDARD OF REVIEW

On appeal, a bankruptcy court's findings of fact are reviewed under the clearly erroneous standard while its conclusions of law are reviewed de novo. *In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990). "The burden of establishing clear error is on the party seeking to overturn the findings of the bankruptcy court." *In re Bendetti*, 131 F. App'x 224, 225 (11th Cir. 2005)

## III.    ANALYSIS

### A.  Confirmation of The Plan

A Chapter 11 plan may be confirmed only if each class of creditors affected by the plan consents. 11 U.S.C. § 1129(a). However, an exception under 11 U.S.C. § 1129(b) permits confirmation of a non-consensual plan—a "cramdown" plan—if the plan "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." See 11 U.S.C. § 1129(b).

Under Section 1129(b)(2)(B), a cramdown plan is "fair and equitable" if:

(i)     the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(ii)    the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior

3

> claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

§ 1129(b)(2)(B)(i)–(ii).  Here, Mr. Boujana takes issue with Bankruptcy Court's confirmation of the cramdown plan but fails to include the transcript of the confirmation hearing in the record on appeal.  As evidenced by the Bankruptcy Court's order, the Bankruptcy Court concluded that the cramdown plan should be approved "for the reasons stated orally and recorded in open Court[.]"  (Bankruptcy Doc. # 129.)  Without a transcript of the Bankruptcy Court's oral pronouncement of the basis for its decision, this Court cannot conclude that the Bankruptcy Court clearly erred with respect to any factual basis for its decision.  *See* Fed. R. Bankr. P. 8009(b)(5) ("If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and a copy of all relevant exhibits."); *In re Coady*, 588 F.3d 1312, 1316 n.5 (11th Cir. 2009) ("We will not speculate as to potential errors in the bankruptcy court's findings or conclusions when the appellant has failed to include the relevant evidence in the record.").

What is clear from the Bankruptcy Court's order, however, is what legal criteria it considered in arriving at its decision:

> [T]he Court finds that the requirements for confirmation set forth in 11 U. S. C. §§ 1191(a) and 1129(a) are satisfied other than §1129(a)(8) and (a)(10). The Court also finds that the Plan does not discriminate unfairly and is fair and equitable with respect to the Class 1 such that the Plan is due to be confirmed as a nonconsensual plan pursuant to 11 U. S. C. §1191(b).

(Bankruptcy Doc. # 129 at 3.)  Section 1191(b) permits a bankruptcy court to confirm a plan notwithstanding the requirements of § 1129(a)(8) and (10) so long as the plan does not

discriminate unfairly and is fair and equitable to the opposing class, and the Bankruptcy Court made the necessary findings to confirm Global's reorganization plan. Mr. Boujana fails to show the Bankruptcy Court erred in approving Global's reorganization plan.

### B. Motion to Dismiss

Mr. Boujana contends that the Bankruptcy Court also erred when it rejected his argument that the petition was filed in bad faith and denied his motion to dismiss. (See Bankruptcy Doc. # 129.) "A case under Chapter 11 may be dismissed for cause pursuant to section 1112 of the Bankruptcy Code if the petition was not filed in good faith." *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988); 11 U.S.C. § 1112(b). Although there is "no particular test for determining whether a debtor has filed a petition in bad faith," "courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *In re Phoenix Piccadilly*, 849 F.2d at 1394 (quoting *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984)). The following non-exhaustive factors are pertinent to a bad faith analysis: (1) the debtor has only one asset, the property at issue; (2) the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditors; (3) the debtor has few employees; (4) the property is subject to a foreclosure action as a result of arrearages on the debt; (5) the debtor's financial problems essentially are a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and (6) the timing of the debtor's filing evidences an intent to delay or frustrate the

legitimate efforts of the debtor's secured creditors to enforce their rights. *In re State St. Houses, Inc.*, 356 F.3d 1345, 1347 (11th Cir. 2004).

Here, Mr. Boujana's failure to include a copy of the transcript precludes this Court from finding error in the Bankruptcy Court's factual findings on the Motion to Dismiss or determining that it abused its discretion in denying the Motion for Reconsideration. *See Arbelaez v. Enclave Shores Condo. Ass'n Inc.*, 835 F. App'x 1007, 1008 (11th Cir. 2021).

## IV.    CONCLUSION

For the reasons stated here, the Bankruptcy Court's orders are **AFFIRMED**.  The Clerk is directed to enter judgment for Global, close the case, and transmit a copy of this Order to the Clerk of the United States Bankruptcy Court for the Middle District of Florida.

**DONE** and **ORDERED** in Chambers in Orlando, Florida, on this May 7, 2026.

ANNE LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies Furnished To:**
Pro Se Parties
Counsel of Record

6